UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON SCHMIDT,

                Plaintiff,

v.

CITY OF SEATTLE (SPD), et al.,

                Defendants.

C08-105Z

ORDER

THIS MATTER comes before the Court on plaintiff's response to the Court's Order to Show Cause and on plaintiff's motion for reconsideration. Having reviewed plaintiff's submissions, the Court does hereby order as follows:

(1) Plaintiff's motion for reconsideration, docket no. 33, of the Court's Order dated October 30, 2008, docket no. 31, is DENIED;

(2) Plaintiff's remaining claims and this case are DISMISSED with prejudice; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

**Discussion**

In its Order dated October 30, 2008, the Court granted defendants' motion for partial summary judgment and dismissed plaintiff's state law claims, as well as all claims against individual defendants Donnie Lowe, Kathryn Hernan, and Richard Zurcher.[1] The Court also

---

[1] In his motion for reconsideration, plaintiff provides no "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Instead, plaintiff's

ORDER - 1

directed plaintiff to show cause why the remaining claims in this case should not be dismissed. The only causes of action not previously dismissed allege violations of plaintiff's civil rights by the City of Seattle and Seattle Police Chief Gil Kerlikowske, and are brought pursuant to 42 U.S.C. § 1983. In contending that these claims should not be dismissed, plaintiff has asserted only that the City of Seattle has not moved for summary judgment or dismissal and that the City of Seattle has not presented evidence to refute plaintiff's allegations of a pattern and practice of arresting participants in a march before the associated permits have expired and of a failure to adequately train, supervise, or discipline police officers. Plaintiff's arguments ignore both the Court's Order and the applicable burdens of production and proof.

A court may sua sponte grant summary judgment if the standards of Fed. R. Civ. P. 56 are met and the litigants are given reasonable notice. *E.g.*, *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993). By directing plaintiff to show cause why the remaining claims in this case should not be dismissed, the Court gave plaintiff ample notice concerning the possibility of a sua sponte ruling, as well as sufficient opportunity to be heard. Instead of supporting his claims against the City of Seattle and Chief Kerlikowske with evidence showing a genuine issue for trial, plaintiff asserts that the City of Seattle must refute his allegations.[2] Plaintiff misunderstands the standards of summary judgment. In opposing the grant of summary judgment, a party "may not rely merely on allegations or denials in its own

---

counsel offers an unsolicited and unpersuasive explanation for why the opposition to defendants' motion was late. The untimeliness of plaintiff's response, however, did not affect the Court's decision; plaintiff's brief and the arguments contained therein were fully considered by the Court.

[2] Although the City of Seattle had, at the summary judgment stage, no obligation to controvert plaintiff's claims, it cited as evidence its requests for admissions, which were not timely answered and could be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). In its Order dated October 30, 2008, the Court directed plaintiff to show cause why the matters in the requests for admissions should not be deemed admitted. In response, plaintiff's counsel describes scheduling issues in the September and October 2008 timeframe, but he fails to explain why he did not serve written answers or objections to the requests for admission by the deadline of August 8, 2008, which was thirty days after they were propounded. In light of the Court's dismissal of plaintiff's remaining claims, the Court need not and does not decide whether the matters in the requests for admissions should be deemed admitted.

ORDER - 2

pleading," Fed. R. Civ. P. 56(e)(2), but rather must set forth "specific facts" demonstrating the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Here, plaintiff has provided no evidence that the City of Seattle engaged in a pattern or practice of arresting march participants or that the City of Seattle failed to adequately train, supervise, or discipline its officers. In addition, plaintiff has proffered no evidentiary or legal basis for his claims against Chief Kerlikowske. Thus, plaintiff has not established the elements essential to his case and on which he would have borne the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff's remaining claims and this case are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 20th day of November, 2008.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge